## SARAH A. FLETCHER vs. STEPHEN SIBLEY.

Suffolk.   November 23. — 26, 1877.   COLT & LORD, JJ., absent.
          March 12. — 13, 1878.   COLT & SOULE, JJ., absent.

A petition, filed November 9, 1877, to prove exceptions, set forth that a bill of exceptions was duly filed with the clerk and presented to the judge, and that it was agreed that the bill should be allowed as filed, with certain modifications; that the exceptions had been otherwise changed by the judge, of which the petitioner and his counsel first had notice on October 22, 1877. It appeared that the bill of exceptions, as allowed, was filed by the judge on July 3, 1877, and that on August 13, 1877, the clerk sent a note to the petitioner's counsel, asking if the papers in the case should be prepared for this court, which the counsel answered in the

affirmative. *Held*, that this was notice of the contents of the bill as filed, and that the petition was too late, under the 28th rule of this court, requiring a party, seeking to establish the truth of any allegations in a bill of exceptions, which a judge shall have refused to allow, to file his petition " within twenty days after notice of such refusal."

In an action for the conversion of a wallet, there was evidence that the plaintiff called at the defendant's dye-house, and transacted some business with the clerk in charge in reference to dyeing certain goods, and casually left the wallet on the counter; that the clerk in charge and another clerk took the wallet and placed it in the cash drawer; that the money taken through the day was, at the close of business, sent by the clerk in charge to the defendant; that the following week the clerk in charge told the defendant of the leaving of the wallet, the placing it in the cash drawer, of its disappearance, and that he did not know what had become of it, whereupon the defendant told him to notify the plaintiff, which he did. The judge, among other instructions not objected to, instructed the jury, against the plaintiff's exception, that " if the defendant employed the clerks only to receive and take charge of packages for the dye-house, and to return them and receive pay for work done on them, and the plaintiff accidentally left her pocket-book on the counter, and the clerks found it and put it in the money-drawer of the defendant, and it was taken therefrom before the defendant knew or was informed of the transaction, the clerks were not so acting within the scope of their employment as to make the defendant responsible for the loss." *Held*, that it could not be said that there was no evidence from which the jury might find that the authority of the clerks was limited as supposed in that instruction, and, if it was so limited, the instruction was correct.

A PETITION was filed November 9, 1877, to establish the truth of exceptions disallowed in the Superior Court. The petition stated that at the trial in that court at April term 1877 of an action brought by the petitioner against the respondent, *Wilkinson*, J., refused certain requests of the petitioner for instructions, and gave certain instructions to the jury; that to such refusal and instructions the petitioner's counsel at the time alleged exceptions, and, within three days after verdict, reduced the exceptions to writing, filed them with the clerk, and gave notice thereof to the respondent; and that the judge had refused to allow them, but had allowed a different bill of exceptions. Copies of both bills of exceptions were annexed to the petition, which further stated that it was agreed that the bill of exceptions presented should be modified in certain respects, (which were particularly set forth in the petition,) and with such modifications were to be allowed as filed by the petitioner; and that the first notice that the petitioner or her counsel had that the exceptions had been otherwise changed was on October 22, 1877.

It appeared by certificates of the clerk of the Superior Court that the bill of exceptions allowed was filed by the judge on July 3, 1877, and that on August 13, 1877, the clerk sent a note to the petitioner's counsel, asking whether papers should be prepared for this court, which the counsel answered by requesting that the papers should be prepared.

The respondent moved to dismiss the petition, because the petitioner had not complied with the 28th rule of this court, which provides that "whenever a party shall seek to establish before this court the truth of any allegations in a bill of exceptions, which a judge shall have refused to allow and sign, he shall, within twenty days after notice of such refusal, file his petition," &c.   104 Mass. 564.

*E. O. Shepard*, for the respondent.

*F. A. Perry*, for the petitioner.

BY THE COURT.   Notice to the petitioner's counsel, that a bill of exceptions had been allowed and filed, was legal notice of the contents of the bill thereby brought to his knowledge and open to his inspection, especially when, as in this case, he previously understood that the exceptions were not to be allowed in the form in which he had presented them.      *Petition dismissed.*

The case was afterwards argued upon the bill of exceptions allowed by the judge, which was in substance as follows:

This was an action of tort for the conversion of a wallet and its contents, and for negligence in keeping the same.   There was also a count for forfeiture for failing to enter, cry and post a notice of the finding of said property, pursuant to the Gen. Sts. *c.* 79, § 10, with a count in contract for money had and received; the counts being alleged to be for the same cause of action.

The evidence introduced by the plaintiff tended to prove that Horace W. Nickerson was employed by the defendant, and had general charge and supervision of the Suffolk Dye House, in Boston, which was a branch house of the defendant's business, and that on April 26, 1876, the plaintiff called there and transacted some business with Nickerson in reference to dyeing certain goods, and casually left the wallet on the counter; that, after the plaintiff went away, the defendant's servants, Nicker-

son and one Henry D. Horton, took the property, and, after examination, placed it in the back part of the cash drawer of the defendant's desk; that the plaintiff's card, with her address thereon, was in the wallet and was seen by the clerks, but she was not notified that the wallet and contents had been found; that the plaintiff advertised the loss in a newspaper, and on May 5, 1876, received a postal card from Nickerson, asking her to call alone and show the card; that she afterwards went to the dyehouse, and was informed by Nickerson and Horton that the wallet and contents had been found and placed in the cash drawer, but were then missing from the drawer and they did not know what had become of them, and the defendant and his clerk declined to deliver the property to the plaintiff; that the plaintiff subsequently, but before bringing this suit, made a written demand, legal in form and service, upon the defendant for the property which was received by him, but he refused to deliver the property to the plaintiff; that Nickerson and Horton were the only servants of the defendant in that place of business, and he had continued them both in his employ ever since; that the defendant used to come in to that place of business two or three times a week, and occasionally take money out of the cash drawer; and that he came in on Saturday, April 29, 1876, and remained there during Nickerson's absence at dinner. There was no evidence tending to show that the defendant ever saw the lost property, or that he had any knowledge of it or the finding of it by the clerks until after its final disappearance from the drawer; that there was no lock on the cash drawer; that the money taken during the day was, at the close of each day's business, sent by Nickerson to the defendant; that the week following that of April 26, Nickerson told the defendant, concerning the leaving of the property, the placing of it in said cash drawer, &c., and the defendant directed him to notify the plaintiff, whereupon he wrote the card, before mentioned, to the plaintiff; and that, except the direction to Nickerson, there had been no entering, crying, posting of notices or advertising the finding of the wallet and contents by the defendant or his servants.

The case was submitted to the jury under instructions not objected to, except the following, which was given by the judge subject to the plaintiff's exception:

" If the defendant employed the clerks only to receive and take charge of packages for the dye-house, and to return them and receive pay for work done on them, and the plaintiff accidentally left her pocket-book on the counter, and the clerks found it and put it in the money drawer of the defendant, and it was taken therefrom before the defendant knew or was informed of the transaction, the clerks were not so acting within the scope of their employment as to make the defendant responsible for the loss."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*F. A. Perry*, for the plaintiff.

*E. O. Shepard*, for the defendant, was not called upon.

BY THE COURT. The only question presented by the bill of exceptions is of the correctness of the single instruction therein stated. It cannot be said that there was no evidence from which the jury might find that the authority of the clerks was limited as supposed in that instruction. If it was so limited, it was rightly ruled that their acts did not bind the defendant as their principal. Whether he could be held liable as bailee, or on any other ground, must be presumed to have been sufficiently covered by the other instructions which are stated to have been given and are not reported.          *Exceptions overruled.*